IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ2 | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12 C 4384 |
| TREISSA GRIGGS, PEOPLE OF THE STATE OF ILLINOIS, EX REL. ILLINOIS STUDENT ASSISTANCE COMMISSION, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This newly filed lawsuit is one of the spate of mortgage foreclosure actions that have been and are being brought in this District Court, each invoking diversity of citizenship as the basis for federal jurisdiction. Because the Complaint on its face demonstrates the lack of such jurisdiction, this sua sponte memorandum order dismisses the Complaint and this action on that ground.

Such cases as Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (internal citations and quotation marks omitted) have confirmed that this Court has the obligation to act sua sponte in this manner if appropriate:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

In this instance one of the named defendants is "People of the State of Illinois ex rel. Illinois Student Assistance Commission." But neither a state nor one of its agencies is a "citizen" for purposes of diversity jurisdiction (see 15 Moore's Federal Practice § 102.57[7] (3d Ed. 2012)).

Accordingly, as stated at the outset, both the Complaint and this action must be and are dismissed for lack of subject matter jurisdiction. Such dismissal is of course without prejudice to plaintiff's right to bring this action in a non federal court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 8, 2012